12-769
Xie v. Holder

BIA
Van Wyke, IJ
A099 163 866

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of April, two thousand thirteen.

PRESENT:
> PETER W. HALL,
> DENNY CHIN,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

EN XIE,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

12-769
NAC

FOR PETITIONER: Herman S. Dhade, West Bloomfield, Michigan.

FOR RESPONDENT: Stuart F. Delery, Acting Assistant Attorney General; Jennifer L. Lightbody, Senior Litigation Counsel; Laura M.L. Maroldy, Trial

**Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

En Xie, a native and citizen of China, seeks review of a February 9, 2012, decision of the BIA affirming the May 24, 2010, decision of Immigration Judge ("IJ") William Van Wyke, which pretermitted his asylum application as untimely, and in the alternative, denied his applications for asylum, withholding of removal, and for relief under the Convention Against Torture ("CAT") for a lack of credibility.  *In re En Xie*, No. A099 163 866 (B.I.A. Feb. 9, 2012), *aff'g* No. A099 163 866 (Immig. Ct. N.Y. City May 24, 2010).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

**I.   Asylum**

Xie challenges the agency's denial of his asylum application as untimely, asserting that he credibly testified that he filed one day before the filing deadline. Although we lack jurisdiction to review timeliness

determinations, *see* 8 U.S.C. § 1158(a)(3), (a)(2)(B), we retain jurisdiction to review constitutional claims and "questions of law," 8 U.S.C. § 1252(a)(2)(D). Xie does not raise such a claim or question, however, but merely disagrees with the agency's fact-finding. Thus, we lack jurisdiction to review this claim. *See Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39 (2d Cir. 2008).

**II.  Withholding of Removal**

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). For applications such as Xie's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We will "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no

3

reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167. In this case, the IJ's adverse credibility determination is supported by substantial evidence.

The IJ reasonably based his credibility finding on discrepancies between Xie's testimony and his documents, his non-responsiveness, and his lack of reliable documentary evidence. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

First, the IJ's adverse credibility determination was reasonably based on unexplained discrepancies between Xie's testimony and his documents, including: (1) Xie's testimony that his family moved from their home in 2004 but his household register stated he moved in 1993; and (2) his testimony that he had lived in Massachusetts and Michigan, while his asylum application listed only one address, which was in New York. The IJ reasonably relied on these and other inconsistencies in making his adverse credibility determination. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin,* 534 F.3d at 167 (providing that an IJ may support an adverse credibility determination with "*any* inconsistency or omission"). When questioned, Xie was

unable to offer any satisfactory explanation for the inconsistencies.

Second, the adverse credibility determination is further supported by Xie's non-responsiveness. When the IJ questioned Xie about why his twin brother, who had been granted asylum based on the same claims and who lives in the United States, did not testify on Xie's behalf, the IJ noted that Xie provided halting, vague, and stammering responses. Furthermore, questions about Xie's work history and previous residences elicited "hesitant, confused, [and] somewhat equivocal" responses that the IJ found unconvincing. Because the IJ's credibility finding was tied to these instances of non-responsiveness and Xie's demeanor, we defer to that finding. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).

Given the discrepancies between Xie's application and testimony and his lack of responsiveness, the IJ did not err in requiring additional corroboration. *See Chuilu Lui v. Holder,* 575 F.3d 193, 198-99 (2d Cir. 2009). However, Xie's documents were all photocopies, some of which were not fully translated, and others not signed by the appropriate official. Furthermore, Xie did not offer his brother's testimony, in any format, as evidence, though he lives in

the United States and allegedly obtained asylum based on the same hardships that Xie suffered.  8 C.F.R. § 1158(b)(1)(B)(i); *see Chuilu Liu*, 575 F.3d at 198; *Biao Yang*, 496 F.3d at 273.

**III. CAT**

Finally, while we do not agree with the government's contention that Xie has waived his CAT claim by failing to meaningfully argue it, the claim fails because it is based on the same non-credible testimony and documents as Xie's withholding claim.  *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522-23 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
